## Commonwealth *v.* Sinwell, Appellant.

Submitted December 4, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Joseph C. Mesics,* Public Defender, for appellant.

*David J. Brightbill,* Assistant District Attorney, and *George E. Christianson,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

Appellant contends that the trial judge erred in imposing a more severe sentence upon him at retrial than the trial court had imposed subsequent to his first conviction which had been reversed.

The appellant was first convicted of burglary, larceny, receiving stolen goods, and of five counts of forgery on September 20, 1971. Appellant, however, was granted a new trial as a result of irregularities which were disclosed during a hearing on appellant's Post Conviction Hearing Act Petition. Upon retrial, appellant was again found guilty on all counts. The trial judge deferred sentencing pending his receipt of an updated presentence report. Prior to the date set for sentencing, appellant and another prisoner escaped from the Lebanon County Prison. Appellant was promptly apprehended, however, and appeared before the court on the date originally set for his sentencing. During the sentencing proceeding, the judge was informed of appellant's prison breach in which a prison guard suffered two fractured ribs. The sentencing judge then imposed a harsher sentence upon appellant than he had received subsequent to his first conviction on these charges.

A harsher sentence may be imposed upon a defendant whenever events subsequent to the defendant's first conviction merit such a sentence. Where there has been no change of circumstances between the first and second convictions, a harsher sentence may not be imposed.

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires

546

that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." *North Carolina v. Pearce*, 395 U.S. 711, 725-726 (1969).

The transcript from the sentencing hearing indicates that the more severe sentence was imposed as a result of appellant's prison breach. Given this set of facts, the trial judge complied with the requirements set forth in *Pearce*.

Accordingly, we affirm the lower court's imposition of sentence.