484 A.2d 775

**COMMONWEALTH of Pennsylvania**

v.

**Richard ALBERT, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 7, 1984.

Filed Oct. 19, 1984.

Reargument Denied Dec. 28, 1984.

Petition for Allowance of Appeal Denied July 10, 1985.

Wendell G. Freeland, Pittsburgh, for appellant.

Melinda G. Tell, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before BROSKY, OLSZEWSKI and JOHNSON, JJ.

OLSZEWSKI, Judge:

Appellant, Richard Albert, seeks review of an August 11, 1981 order which set aside his probation and sentenced him to two consecutive terms of imprisonment of not less than 11½ nor more than 23 months. He has failed, however, to preserve the issues for appellate review.

The facts are not in dispute. On March 6, 1979, following appellant's convictions at CC–7802533 and CC–7802528 for maintaining a lottery, the trial court entered judgments of sentence requiring appellant to pay fines totalling $20,000 and to serve periods of probation totalling fifteen years. Appellant was further ordered to pay the fines within thirty days. A timely appeal was filed. That appeal pending, this Court granted a supersedeas which stayed the execution of sentence. On March 25, 1979, Albert's appeal was dismissed.

By notice dated July 30, 1981, the court informed Albert that a hearing would take place on August 6, 1981 "concerning the violation(s) of the defendant's 5 year probation of CC–7802528 by reason of his failure to pay fines and costs as ordered by the court." R. 17. Testimony was taken on August 6 and August 11, 1981 in compliance with the two-step procedure for probation violations outlined in

*Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The trial court then entered orders revoking probation and sentencing appellant to consecutive terms of imprisonment with a combined total maximum of 46 months. It additionally ordered appellant to pay the outstanding fines totalling $20,000. The court did inform appellant that upon payment of either fine within the minimum period of imprisonment he would be eligible for parole on that count.

After sentencing, the trial court told appellant that he had "the right to appeal this sentence to the Superior Court of Pennsylvania upon filing motions with the Court within ten days." R.61. Appellant failed to file post-sentencing motions.

Appellant here contends that the trial court committed reversible error when it revoked his probation and imprisoned him. He argues the "policy of the law of Pennsylvania [is] that indigents should not be imprisoned for failure to pay fines." Appellant's Brief at 9a. In the alternative, appellant challenges the trial court's actions as an abuse of discretion.

■■■ The issues raised in this appeal have not been properly preserved for appellate review. Appellant's counsel failed to object to the imposition of sentence at the time probation was revoked. He failed to file an appropriate motion to modify the sentence imposed. *See Commonwealth v. Aldinger*, 292 Pa.Super. 149, 436 A.2d 1196 (1981); Pa.R.Crim.P., Rule 1410, 42 Pa.C.S.A. Where a claim of error is not properly preserved for appellate review, we will not consider, as a rule, that claim on appeal. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Turecki*, 278 Pa.Super. 511, 420 A.2d 658 (1980). Moreover, the record here shows that the appellant was advised of his right to file a motion to modify sentence.

■■■ "Upon revocation the sentencing alternatives available to the court shall be the same as were available at the

time of the initial sentencing...." 42 Pa.C.S. § 9771. Appellant's terms of probation totalled fifteen years. The court, revoking probation, imposed a sentence not to exceed 46 months. We find no error in that sentence.

Judgment of sentence affirmed.