J-S65026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EARL L. LINT, JR., | |
| Appellant | No. 166 WDA 2016 |

Appeal from the Judgment of Sentence of January 20, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001669-2015

BEFORE:  LAZARUS, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 02, 2016**

Appellant, Earl L. Lint, Jr., appeals from the judgment of sentence entered on January 20, 2016, as made final by the denial of Appellant's post-sentence motion on January 26, 2016.  We affirm.

A jury found Appellant guilty of one count of forgery and two counts of receiving stolen property.[1]  On January 20, 2016, the trial court sentenced Appellant to serve a term of 12 to 60 months in prison for the forgery conviction.[2]  The sentence fell within the aggravated range of the sentencing guidelines.  ***See*** N.T. Sentencing Hearing, 1/20/16, at 4.  Further, during the

---

[1] 18 Pa.C.S.A. §§ 4101(a)(2) and 3925(a), respectively.

[2] The trial court imposed no further penalty on the receiving stolen property convictions.

*Retired Senior Judge assigned to the Superior Court.

sentencing hearing, the trial court explained the reasons why it sentenced Appellant in the aggravated range. As the trial court declared:

> We've imposed this sentence in the aggravated range as the standard range is less than [12] months and we've done so due to the failure of prior rehabilitative efforts on behalf of [Appellant], him having at least five prior theft related offenses. We've also sentenced in the aggravated range because this offense was committed while [Appellant] was on parole for a theft offense.
>
> [Appellant], we've taken into consideration the nature of this offense, the seriousness of forgery, a felony of the second degree, punishable by a term of imprisonment of up to [10] years and a fine of up to $25,000.00. We've considered the number of offenses to which you've been found guilty. We've considered a presentence report prepared by the Adult Probation office. We've considered your prior record, your rehabilitative needs and the gravity of this offense and we feel a lesser sentence would depreciate from the seriousness of this crime. The [trial] court feels you are in need of correctional treatment that could be provided most effectively by your commitment to an institution.

N.T. Sentencing Hearing, 1/20/16, at 4-5.

On January 21, 2016, Appellant filed a timely post-sentence motion, wherein Appellant claimed that the trial court abused its discretion at sentencing because: the "sentence is harsh, severe, and excessive in view of the circumstances surrounding this matter" and because "the Court stated no articulate reasons for sentencing [Appellant] in the aggravated range of the guidelines." Appellant's Post-Sentence Motion, 1/21/16, at 1. The trial court denied Appellant's post-sentence motion on January 26, 2016 and

Appellant filed a timely notice of appeal. On appeal, Appellant raises one claim:

> Whether or not the sentence of [one to five years,] imposed by the trial court[,] was excessive considering the circumstances of the case?

Appellant's Brief at 7.[3]

Appellant's claim on appeal is a challenge to the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there

---

[3] The trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied with the order and, within his Rule 1925(b) statement, Appellant listed the same issue he currently raises on appeal. *See* Appellant's Rule 1925(b) Statement, 2/5/16, at 1.

is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007).

In the case at bar, Appellant filed a timely post-sentence motion and notice of appeal. Moreover, while Appellant's brief does not contain "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence," the Commonwealth failed to object to the omission. ***See*** Pa.R.A.P. 2119(f). Therefore, this Court "may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate." ***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004).

Within Appellant's post-sentence motion, Appellant claimed that the trial court abused its discretion at sentencing because: the "sentence is harsh, severe, and excessive in view of the circumstances surrounding this matter" and because "the Court stated no articulate reasons for sentencing [Appellant] in the aggravated range of the guidelines." Appellant's Post-Sentence Motion, 1/21/16, at 1.[4] ***See*** Appellant's Post-Sentence Motion,

---

[4] Within Appellant's brief to this Court, Appellant also argues that the trial court relied upon impermissible factors when sentencing Appellant to an aggravated range sentence. ***See*** Appellant's Brief at 11-12. This claim is waived, as Appellant failed to raise the claim at sentencing, in his post-sentence motion, in his Rule 1925(b) statement, or in his Rule 2116 "statement of questions involved." ***Commonwealth v. Losch***, 535 A.2d 115, 118 n.6 (Pa. Super. 1987) ("[a]n objection to a discretionary aspect of a sentence is clearly waived if it was neither raised at the sentencing hearing nor raised in a motion to modify the sentence imposed at that hearing")
*(Footnote Continued Next Page)*

1/21/16, at 1. Appellant has not raised the latter claim on appeal. Further, within Appellant's post-sentence motion and Rule 1925(b) statement, Appellant identified no particular "circumstances surrounding this matter" that, allegedly, caused his sentence to be excessive. *See id.* Moreover, the trial court apparently did not understand Appellant's claim, as the trial court did not identify or discuss any such "circumstances" in its opinion to this Court. *See* Trial Court Opinion, 2/8/16, at 1-4.

> As this Court has explained:

> An appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver.

*Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011) (internal quotations, citations, and corrections omitted).

In the case at bar, Appellant's bald claim of excessiveness in both his post-sentence motion and Rule 1925(b) statement was "too vague to allow the [trial] court to identify the issues raised on appeal." *See id.* Therefore,

---
*(Footnote Continued)* _____

(internal quotations and citations omitted); Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b)] Statement . . . are waived"); Pa.R.A.P. 2116(a) ("[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

Appellant's discretionary aspect of sentencing claim is waived on appeal.[5]

***Id.***

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2016

---

[5] We note that, even if Appellant had not waived his current claim on appeal, we would conclude that Appellant's claim does not raise a substantial claim that his sentence was inappropriate under the Sentencing Code. Within Appellant's brief to this Court, Appellant claims that his aggravated range sentence is excessive solely because his forgery conviction was "for a check that was $580.00 in value." Appellant's Brief at 11. Appellant's claim does not raise a substantial question, as it does not raise a "plausible argument that [the] sentence is contrary to the Sentencing Code or the fundamental norms underlying the sentencing process." ***Commonwealth v. Titus***, 816 A.2d 251, 255 (Pa. Super. 2003). To be sure, the trial court was well aware of the circumstances surrounding Appellant's forgery conviction and of the monetary amount Appellant attempted to steal. In sentencing Appellant to an aggravated range sentence, the trial court weighed the "monetary amount" Appellant attempted to steal with the other circumstances of the case, including the fact that Appellant continues to commit theft offenses despite having numerous criminal convictions for such offenses and the fact that Appellant was on parole at the time he committed the current forgery offense. N.T. Sentencing Hearing, 1/20/16, at 4-5. Appellant's claim merely focuses upon one particular factor of his crime – the amount of money he attempted to steal – to the exclusion of everything else. This does not raise a substantial question that Appellant's sentence is inappropriate under the Sentencing Code.