J-S38026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT ANTONELLO CLARK | : | |
| | : | |
| Appellant | : | No. 2006 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 25, 2019
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000490-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT ANTONELLO CLARK | : | |
| | : | |
| Appellant | : | No. 2007 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 25, 2019
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000491-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT ANTONELLO CLARK | : | |
| | : | |
| Appellant | : | No. 2008 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 25, 2019
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000492-2009

J-S38026-20

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.*

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: NOVEMBER 6, 2020**

Vincent Antonello Clark appeals from the judgment of sentence imposed following his third resentencing at which the court imposed an aggregate prison term of 600 to 1,200 months. On appeal, Clark claims that the trial court abused its discretion by imposing a manifestly excessive sentence after failing to consider mitigating factors and focusing solely on the gravity of the offense. We affirm.

Clark was convicted of three counts each of rape of a child, involuntary deviate sexual intercourse ("IDSI") with a child, aggravated indecent assault of a child, statutory sexual assault, indecent assault, corruption of minors, and incest,[1] for the repeated sexual assault of his three children. All of them were under the age of eight when the assaults occurred. He was also convicted of rape of a child and other offenses related to his sexual assaults of two minor nieces, who were under the age of eleven at the time.

The trial court structured the original sentence as follows. It imposed mandatory minimum terms of 120 to 240 months of imprisonment on each of the five counts of rape of a child, which sentences were imposed consecutively. The court imposed concurrent sentences on the remaining convictions. This Court affirmed the judgment of sentence on direct appeal.

_____

* Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(b), 3122.1, 3126(a)(7), 6301(a)(1), and 4302, respectively.

- 2 -

Clark filed a PCRA petition, and on August 28, 2017, the PCRA court granted relief in part based on ***Alleyne v. United States***, 750 U.S. 99 (2013), and granted a new sentencing hearing. The trial court resentenced Clark on January 4, 2018, to an aggregate term of 600 to 1,200 months' imprisonment. After noting the serious nature of the offenses the court imposed five consecutive terms of 120 to 240 months' imprisonment for each count of rape of a child, sentences that fell within the standard range of the guidelines. The court imposed concurrent sentences on the remaining convictions.

After his post-sentence motion was denied, Clark appealed to this Court claiming that the trial court abused its discretion and imposed a manifestly excessive sentence. He argued that the court abused its discretion by not considering the pre-sentence investigation report ("PSI"), which had not been updated, and by refusing to consider evidence of his rehabilitative needs, shown by his good behavior while in prison. This Court found that the court did not abuse its discretion concerning the PSI, since Clark had testified about his progress in prison since the issuance of the PSI. ***See Commonwealth v. Clark***, No. 343, 344, 345 MDA 2018, unpublished memorandum at *9 (Pa.Super. filed June 10, 2019). However, this Court found merit to Clark's second argument, which challenged the court's consideration of mitigating factors, and again we vacated and remanded for resentencing.

> [O]ur review of the record reveals Clark correctly asserts the trial court did not consider his rehabilitative needs, and specifically his progress while incarcerated, before imposing sentence. Although, as noted above, Clark testified regarding his accomplishments during his time in prison, the trial court made it clear in its opinion

that it did not consider that information before imposing sentence. The court opined:

> At the time of resentencing [Clark] testified to what he has accomplished during incarceration. Defen[se] Counsel believes these are mitigating factors which this [c]ourt should have taken into consideration. However, resentencing is not an opportunity for this [c]ourt to look at mitigating factors that were not before this [c]ourt at the time of original sentencing. [Clark's] sentencing was based on the extreme nature of the crimes and the number of children family member victims and not the treatment nor progress [Clark] may have completed while incarcerated.
>
> *    *    *
>
> Therefore, because we agree the trial court abused its discretion in refusing to consider Clark's progress in prison since his last sentencing hearing, we are constrained to vacate the judgment of sentence and remand for resentencing. At the resentencing hearing, the trial court should consider any mitigating evidence Clark presents, with a particular focus on the sentencing factors set forth in 42 Pa.C.S.[A.] § 9721(b).

*Clark*, No. 343, 344, 345 MDA 2018, at *9-11 (quoting Trial Ct. Op., 4/06/18,

at 12) (some alterations in original).

On remand, the trial court conducted a resentencing hearing during

which it heard extensive testimony concerning Clark's progress in prison:

> At resentencing, [Clark] provided testimony of his undertakings while incarcerated including, but not limited to, his employment, his continued undertakings toward achieving his GED, his completion of a course entitled Pathway to Success, and the fact that he had not been in trouble or written up while incarcerated and because of that conduct, was moved to a lower security facility.

Trial Ct. Op., 01/03/20, at 3.

The court then sentenced Clark to an aggregate term of 600 to 1,200 months of incarceration. Clark filed a timely motion for reconsideration, which the trial court denied. This timely appeal followed.

Clark raises one issue on appeal: "Did the trial court abuse its discretion or err as a matter of law when it failed to consider [Clark's] background, was improperly persuaded solely by the egregiousness of the crimes to which [Clark] was convicted, and, singularly and in the aggregate, imposed a manifestly excessive sentence?" Clark's Br, at 3.

Clark's claim implicates the discretionary aspects of his sentence. Such a challenge is not appealable as of right.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa.Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), (internal citations omitted).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010) (some citation formatting provided).

- 5 -

Here, Clark preserved his issue in a timely post-sentence motion for modification of sentence, and then filed a timely notice of appeal. His appellate brief includes a statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). **See** Clark's Br. at 17-20. Therefore, we must determine whether he has raised a substantial question justifying our review.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (citations and quotation marks omitted)

Clark's Rule 2119(f) statement contends that the trial court abused its discretion and imposed a manifestly excessive sentence when it failed to consider his personal characteristics and rehabilitative needs, and instead focused on the seriousness and egregiousness of his crime. **See** Clark's Br. at 19.

This Court has held that an excessive sentence claim, together with an assertion that the court failed to consider mitigating factors, such as the appellant's rehabilitative needs, presents a substantial question. **See Commonwealth v. Caldwell**, 117 A.3d 763, 769-70 (Pa.Super. 2015) (*en banc*). We have also found a substantial question where an appellant claims the trial court focused solely on the seriousness of the offense and failed to consider all relevant factors. **See Commonwealth v. Bricker**, 41 A.3d 872, 875 (Pa.Super. 2012).

Therefore, we conclude that Clark has raised a substantial question. Accordingly, we turn to our standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa.Super. 2019) (citation omitted).

> "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa.Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.* Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

*Moury*, 992 A.2d at 171 (some citation formatting provided, some citations omitted).

Clark argues that the trial court failed to consider his personal characteristics such as not having a prior record, maintaining employment prior to his arrest, his age, and his potential for rehabilitation. He also notes

the educational courses that he has taken while incarcerated and the fact that he has maintained employment in the prison kitchen. Clark contends that the trial court abused its discretion by failing to consider these factors because, aside from a passing reference, it did not mention them at resentencing. Finally, Clark claims that the "trial court did not appropriately consider [the above] facts and factors, rather the trial court unequivocally considered the egregiousness of the offense, which was already factored into the sentencing guidelines." Clark's Br. at 27.

In the instant case, the court imposed sentence after an extensive hearing concerning Clark's personal characteristics, his participation in prison programs, his good behavior in prison, and his potential for rehabilitation. After imposing sentence, the court set forth its reasons for the sentence:

> With respect to reasons for sentence, for all sentences imposed just by this Court, the Court notes the following: the Court commends [Clark] for his progress while being incarcerated. However, the Court cannot overlook the gravity of the offenses by [Clark]. [Clark] violated the trust of a parent and child. The Court notes that all sentencing today is within the standard range guidelines. We'll note that there were three victims in this matter. One victim was a step-niece, one victim was [Clark's] own daughter, and one victim was [Clark's] own son. The Court notes the extreme nature of the crimes with respect to sentencing. The Court also has imposed sentence for the protection of the victims. The Court notes the reason for sentence is that Mr. Clark raped and sexually assaulted minor children over a continuous period of time. The Court notes that this sentence imposed meets safety requirements for the community and safety and protection for the victims in this matter.

N.T. Sentencing, 10/25/19, at 58-59.

The trial court did not refuse to consider Clark's conduct since the prior sentencing hearing, but rather heard testimony of Clark's performance in prison, and commended him for his accomplishments. However, weighing this information against the other relevant sentencing factors, the trial court concluded that a lengthy prison sentence was appropriate. The court concluded that Clark's "new evidence pales in significance when compared with other aspects of his case including the gravity of his offenses." *See Commonwealth v. Losch*, 535 A.2d 115, 123 (Pa.Super. 1987).

Upon review, we conclude that the trial court did not abuse its discretion when it imposed its sentence. The court had the benefit of a PSI, heard additional testimony about Clark, and weighed the sentencing factors appropriately, in settling on an appropriate sentence. Accordingly, we conclude that the trial court did not abuse its discretion, and we affirm Clark's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/06/2020