J-A13041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

KENNETH M. PARROTTE,

Appellant

: IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
:
:
:
: No. 1131 WDA 2015

Appeal from the Judgment of Sentence February 18, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s): CP-02-CR-0003276-2012

BEFORE: OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 18, 2016**

Kenneth M. Parrotte ("Parrotte") appeals from the judgment of sentence imposed after a jury convicted him of indecent assault (victim less than 13 years of age), endangering the welfare of children ("EWOC"), corruption of minors, and indecent exposure.[1] We affirm.

The victim, Z.S., Parrotte's six-year-old biological granddaughter, resided with him, his wife, and other family members in his home located in Braddock, Pennsylvania. In December 2011, Parrotte sexually assaulted the victim by engaging in sexual intercourse with her. In January 2012, the victim told her mother about the assaults. The victim's mother then took her to Children's Hospital in Pittsburgh, as she had complained of pain in her

---

[1] **See** 18 Pa.C.S.A. §§ 3126(a)(7), 4304(a)(1), 6301(a)(1)(ii), 3127(a).

vaginal area. During a forensic interview at the hospital, the victim informed the authorities that Parrotte had assaulted her on more than one occasion.[2]

In March 2012, the Commonwealth charged Parrotte with the above-mentioned crimes, as well as rape of a child, incest, and sexual assault[3] (collectively, "the remaining offenses"). The matter proceeded to a jury trial in October 2012, at the close of which the jury acquitted Parrotte of the remaining offenses and convicted him of indecent assault, EWOC, corruption of minors, and indecent exposure. Prior to sentencing, the trial court ordered the preparation of a presentence investigation report ("PSI"). On June 6, 2013, the sentencing court (the Honorable Donna Jo McDaniel "Judge McDaniel") ruled that Parrotte met the criteria of a sexually violent predator, and sentenced him as follows:

- a prison term of three and one-half to seven years on the indecent assault conviction;

- a prison term of three and one-half to seven years on the EWOC conviction,[4] to run consecutive to the indecent assault sentence;

- no further penalty for corruption of minors and indecent exposure.

---

[2] During the forensic interview, the victim described a skin pigmentation anomaly on Parrotte's penis, which was later observed by the detectives who had arrested Parrotte.

[3] *See* 18 Pa.C.S.A. §§ 3121(c), 4302(a)(1), 3124.1.

[4] The sentencing court stated that the EWOC charge was graded as a third-degree felony.

Accordingly, Parrotte received an aggregate sentence of seven to fourteen years in prison.[5]  Parrotte filed post-sentence Motions, which the trial court denied in July 2013.

On October 3, 2013, the sentencing court issued an amended sentencing Order, stating that the court had made a clerical error in the previous sentencing Order.  In the amended Order, the court imposed a consecutive sentence, on the corruption of minors conviction, of three and one-half to seven years in prison (the statutory maximum sentence), resulting in a new aggregate sentence of ten and one-half to twenty-one years in prison.

Parrotte timely appealed to this Court asserting, *inter alia*, that the sentencing court abused its discretion by imposing a manifestly excessive sentence that was outside of the aggravated range of the sentencing guidelines, and imposed an illegal sentence on the EWOC conviction.  This Court affirmed Parrotte's convictions, but vacated the judgment of sentence and remanded for resentencing.  **See Commonwealth v. Parrotte**, 104 A.3d 43 (Pa. Super. 2014) (unpublished memorandum).  We held that the sentencing court imposed an illegal sentence on the EWOC conviction, in

---

[5] Notably to the instant appeal, each of the individual prison sentences imposed exceeded the aggravated range of the applicable sentencing guidelines, and was the statutory maximum sentence allowed.

that the offense should have been graded as a first-degree misdemeanor, instead of a third-degree felony. *Id.* (unpublished memorandum at 4-7).[6]

On remand, Judge McDaniel imposed the following sentence:

- a prison term of three and one-half to seven years on the indecent assault conviction;

- a prison term of two and one-half to five years on the EWOC conviction (graded as a first-degree misdemeanor), to run consecutive to the indecent assault sentence;

- a prison term of three and one-half to seven years on the corruption of minors conviction, to run consecutive to the other sentences;

- no further penalty for indecent exposure.

Accordingly, Parrotte received an aggregate sentence of nine and one-half to nineteen years in prison.[7] Parrotte thereafter filed a Motion for reconsideration of sentence, which was denied by operation of law.

Parrotte filed a timely Notice of Appeal. In response, the trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Parrotte timely filed a Concise Statement, after which the trial court issued an Opinion.

Parrotte now presents the following issues for our review:

   I.  Does a sentencing court abuse its discretion by imposing an excessive sentence, significantly outside the sentencing

---

[6] The Supreme Court of Pennsylvania subsequently denied Parrotte's Petition for allowance of appeal. *See Commonwealth v. Parrotte*, 105 A.3d 736 (Pa. 2014).

[7] As was the case with Parrotte's original sentence, each individual sentence imposed on remand was the statutory maximum sentence.

guidelines, without bothering to consider the correct sentencing guidelines?

II. Does a sentencing court abuse its discretion by imposing an excessive and unreasonable statutory maximum sentence, without considering appropriate sentencing factors to support its substantial deviation from the sentencing guidelines?

Brief for Appellant at 9 (capitalization omitted). We will address these two related issues together.

Parrotte's claims challenge the discretionary aspects of his sentence, from which there is no absolute right to appeal. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the sentencing challenge for appellate review by raising it at sentencing or in a timely post-sentence motion, the appellant must (1) include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. *Hill*, 66 A.3d at 363-64.

Here, Parrotte included a Rule 2119(f) Statement in his brief. *See* Brief for Appellant at 17-21. Moreover, his above-mentioned issues present a substantial question for our review. *See Commonwealth v. Scassera*, 965 A.2d 247, 250 (Pa. Super. 2009) (stating that a claim that the sentencing court failed to consider the applicable sentencing guidelines, prior to exceeding them, presents a substantial question); *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (stating that an "[a]ppellant's

contention that the sentencing court exceeded the recommended range in the Sentencing Guidelines without an adequate basis raises a substantial question for this Court to review."); *Commonwealth v. Holiday*, 954 A.2d 6, 10 (Pa. Super. 2008) (stating that "[a] claim that the sentencing court imposed a sentence outside of the guidelines without specifying sufficient reasons presents a substantial question for our review."); *Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007) (stating that "[a] claim that the sentencing court misapplied the Sentencing Guidelines presents a substantial question.").

Accordingly, we will address the merits of Parrotte's claims, mindful of our standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citations omitted).

In every case where, as here, a court imposes a sentence outside of the sentencing guidelines, the court must provide, in open court, a contemporaneous statement of reasons in support of its sentence. 42 Pa.C.S.A. § 9721(b).

> [A sentencing] judge … [must] demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines.

> Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1264 (Pa. Super. 2012) (citation and brackets omitted); *see also* 42 Pa.C.S.A. § 9721(b) (setting forth the general considerations a sentencing court must take into account when formulating a sentence). "[A] sentencing judge may satisfy [the] requirement of disclosure on the record of [the judge's] reasons for imposition of a particular sentence without providing a detailed, highly technical statement." *Commonwealth v. Hunzer*, 868 A.2d 498, 514 (Pa. Super. 2005) (citation omitted).

An appellate court must vacate and remand a case where it concludes that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3). However, "if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not unreasonable, the sentence will be upheld." *Commonwealth v. Smith*, 863 A.2d 1172, 1177-78 (Pa. Super. 2004).

Finally, when evaluating a challenge to the discretionary aspects of sentence, it is important to remember that the sentencing guidelines are "purely advisory in nature." *Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007). The sentencing guidelines

have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors – they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence.

***Commonwealth v. Walls***, 926 A.2d 957, 964-65 (Pa. 2007); ***see also id.*** at 964 (stating that the sentencing guidelines "are but one factor among the many enumerated in the Sentencing Code as a whole[.]") (citation and quotation marks omitted).

Here, Parrotte argues that the sentencing court abused its discretion by sentencing him to statutory maximum, consecutive sentences on three of the four counts of which he was convicted, amounting to a manifestly excessive and unreasonable aggregate sentence. Brief for Appellant at 22. Parrotte contends that, at resentencing following this Court's remand, the sentencing court (1) failed to state that it had considered the correct sentencing guidelines; (2) "impose[d] the statutory maximum sentence without any guidance from the guidelines whatsoever"; and (3) "offered no discussion during the sentencing hearing supporting the court's decision to sentence significantly outside of the guidelines." ***Id.*** at 24.

Initially, we observe that in Parrotte's prior appeal, a panel of this Court rejected his challenge to the discretionary aspects of the sentence, which appears very similar to the challenge he raises herein. ***See Parrotte***, 104 A.3d 43 (unpublished memorandum at 3). Specifically, we stated that the sentencing court

- 8 -

acted within its discretion when it imposed sentence outside [of the] aggravated range[, where (1) the] sentence imposed did not exceed [the] statutory maximum; [(2) the] court … considered [Parrotte's PSI] prior to [the] sentencing hearing; [(3) the] record reflects [that the] court considered all appropriate factors in determining sentence; [(4) the] court placed its reasons for [the] sentence on [the] record; … [(5)] given [the] facts and circumstances of [Parrotte's] assaults on [his] six-year old granddaughter, [the] sentence was appropriate; [and (6) the] court was within its discretion in imposing the] statutory maximum[.]

***Id.***[8] This Court remanded the matter solely for the trial court to rectify the illegal sentence imposed on the EWOC count (*i.e.*, as a result of the improper grading). ***Id.*** at 5-7.

In the instant appeal, the trial court asserted in its Pa.R.A.P. 1925(a) Opinion that the resentencing hearing "was merely a procedural event to correct the grading and maximum term of [the EWOC] charge[,] and [the trial c]ourt was not crafting a new sentence[; accordingly, the c]ourt found it unnecessary to restate its reasoning." Trial Court Opinion, 1/20/16, at 5; ***see also id.*** (stating that the court "had already placed sufficient reasons on the record in support of its deviation from the [sentencing] guidelines and imposition of the statutory maximum[] [sentences].").

To the contrary, Parrotte urges that the trial court never stated *any* reasons for deviating from the guidelines at resentencing, and improperly

---

[8] It is generally beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, ***see Commonwealth v. Beck***, 78 A.3d 656, 659 (Pa. Super. 2013); however, here, the trial court's resentencing Parrotte on remand (which resulted in a *reduction* of his aggregate sentence) permitted Parrotte to again challenge the discretionary aspects of his sentence.

"felt [that the] resentencing hearing was merely a procedural matter[,] since the court was just going to once again impose a statutory maximum sentence, regardless of the significant change in the guideline ranges" (*i.e.*, as a result in the change of grading of the EWOC charge). Brief for Appellant at 27, 33; *see also id.* at 27-28 (citing **Commonwealth v. Losch**, 535 A.2d 115 (Pa. Super. 1987), which stated that "[w]hen a sentence is vacated and the case remanded for resentencing, the sentencing judge should start afresh." *Id.* at 121 (citation omitted)).

Parrotte additionally contends that although the sentencing guidelines are non-mandatory advisory guideposts, a sentencing court is obligated to consider the guidelines prior to deviating from them, which the court in the instant case failed to do. Brief for Appellant at 28-29 (citing, *inter alia*, **Scassera**, 965 A.2d at 250, 251 (stating that a "sentencing court must **consider** the sentencing guidelines, and the consideration must be more than mere fluff. … Failure to even consider the guideline ranges is an abuse of discretion and a violation of 42 Pa.C.S.A. § 9721(b).") (emphasis in original; citation omitted). According to Parrotte, "the record [] is devoid of any indication that the sentencing court understood the suggested sentencing ranges before deviating from them." Brief for Appellant at 32; *see also id.* at 36 (asserting that the sentencing court "fail[ed] to review the sentencing guidelines when imposing its excessive sentence"). Finally, Parrotte argues that the sentencing court, by imposing statutory maximum sentences, inappropriately "focused on the seriousness of the offenses,

rather than addressing how [] Parrotte's case deviated from a typical case involving these offenses. Although these offenses involving a child are serious, the standard range of the guidelines took the seriousness into account." *Id.* at 40.

Initially, we observe that the sentencing court here had the benefit of a PSI, which is contained in the certified record. Where a sentencing court is informed by a PSI, it is presumed that the court is aware of all appropriate sentencing factors and considerations (which includes the sentencing guidelines), and that "where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009). Moreover, "[t]he sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." *Id.* (citation omitted); *see also Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006).

Here, prior to imposing sentence at the original sentencing hearing, the sentencing court stated as follows:

> Well, I have reviewed the [PSI], and I find that it is horrific in that the victim in this case was your [Parrotte's] six-year old granddaughter that you assaulted multiple times. You violated a position of trust, and although I don't know that this has been discussed, you told [the victim that] she wasn't allowed to tell anyone. You have been involved in the criminal justice system since you were 13 years of age. You have convictions for five counts of receiving stolen property, unauthorized use, theft and robbery. You have summary convictions. You have not done well with community[-]based supervision. You were in a State Correctional Institution one time, and you got out and violated

- 11 -

parole, and you were sent back. If you aren't a danger to our community, I don't know who would be.

N.T., 6/6/13, at 55.[9]

At the resentencing hearing, the sentencing court (1) acknowledged this Court's ruling that the EWOC conviction must be graded as a first-degree misdemeanor (subject to a shorter statutory maximum sentence than that originally imposed at this count), N.T., 2/18/15, at 2; (2) considered defense counsel's statement concerning Parrotte's remorse and good behavior while in prison, *id.* at 3; (3) considered Parrotte's statement to the court that he is "deeply sorry for this whole ordeal[, and] … trying to better [him]self," *id.*; and (4) proceeded to again impose three consecutive terms of incarceration, which were the statutory maximum sentences permitted, *id.* at 4-5.

Though the sentencing court's stated reasons for imposing a sentence in excess of the sentencing guidelines were not prolix, the court was not required to provide a highly detailed statement. *See Hunzer*, *supra*. At the original sentencing hearing, the sentencing court adequately informed Parrotte of the reasons why the court deemed it appropriate to exceed the sentencing guidelines, including Parrotte's extensive criminal history, the

---

[9] Prior to imposing sentence, the sentencing court also considered the testimony of the Sexual Offenders Assessment Board evaluator, Dr. Allan Pass, who stated that Parrotte (1) had a substantial criminal history, extending back to when he was thirteen-years-old, N.T., 6/6/13, at 12-14; (2) exhibited "behavior [that] constitutes a pattern of disregard for and violation of the rights of others[,]" *id.* at 14; and (3) has been only sporadically employed, *id.*

"horrific" nature of the crime, the danger Parrotte posed to the community, Parrotte's risk for recidivism, and the court's consideration of the PSI. Pursuant to 42 Pa.C.S.A. § 9721(b), the record reflects that the sentencing court fashioned a sentence that took into account the protection of the public, the impact that the heinous crime had on the life of the victim and on the community, and Parrotte's rehabilitative needs.

We acknowledge that the record supports Parrotte's claim that the court never referenced the applicable sentencing guidelines on the record, either at the original sentencing hearing or the resentencing on remand. *See* Brief for Appellant at 36. However, it is well established that "[a] sentencing court is not required to recite on the record the guideline sentencing range, as long as the record demonstrates the court's recognition of the applicable sentencing range and the deviation of sentence from that range." ***Commonwealth v. Perry***, 32 A.3d 232, 235 n.7 (Pa. 2011).

> [W]hen deviating from the sentencing guidelines, a trial judge must indicate that [s]he understands the suggested ranges. However, there is no requirement that a sentencing court must evoke "magic words" in a verbatim recitation of the guidelines ranges to satisfy this requirement. Our law is clear that, when imposing a sentence, the trial court has rendered a proper "contemporaneous statement" under the mandate of the Sentencing Code so long as the record demonstrates with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them. … When the record demonstrates that the sentencing court was aware of the guideline ranges and contains no indication that incorrect guideline ranges were applied or that the court misapplied the applicable ranges, we will not reverse merely because the specific ranges were not recited at the sentencing hearing.

***Commonwealth v. Griffin***, 804 A.2d 1, 8 (Pa. Super. 2002) (citations, paragraph breaks, and some quotation marks omitted); ***see also Ventura***, ***supra*** (stating that where a sentencing court is informed by a PSI, it is "presumed that the court is aware of all appropriate sentencing factors, which includes the applicable sentencing guidelines).

Contrary to Parrotte's assertion, there is no indication in the record that the sentencing court was unaware of the guideline ranges or misapplied them (aside from the above-discussed issue concerning the proper grading of the EWOC count, which the court remedied on remand). ***See Griffin***, 804 A.2d at 8 (rejecting the defendant's claim that the sentencing court abused its discretion in sentencing defendant above and outside of the sentencing guidelines, by failing to indicate that the judge had any understanding of the applicable guideline range, where (1) the court stated that it had considered the defendant's PSI, which included a Guideline Sentence Form; and (2) the record demonstrated that the sentencing court was aware of the guideline ranges).

Finally, the Commonwealth points out that, at the resentencing hearing, Parrotte's counsel never (1) "object[ed] to the abbreviated hearing"; (2) "asked for new guideline [sentencing] forms to be prepared"; and (3) "requested the trial court [to] veer from its original decision to impose statutory maximum terms of incarceration at Counts 4, 5, and 6[,] to run consecutively." Commonwealth's Brief at 20. These assertions are supported by the record. Accordingly, Parrotte's challenge to the lack of

stated reasons at the resentencing hearing does not entitle him to relief. *See*, *e.g.*, *Griffin*, 804 A.2d at 8 (where the defendant complained that the sentencing court had failed to consider the sentencing guidelines prior to imposing sentence, stating that if the defendant "wanted the trial judge to recite the applicable ranges in open court, counsel was afforded the opportunity to request him to do so[,]" but never did).[10]

Based upon the foregoing, we discern no abuse of discretion by the sentencing court in imposing a sentence in excess of the aggravated range, nor do we determine that the court's decision to depart from the sentencing guidelines was unreasonable. *See Smith*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2016

---

[10] However, we caution the sentencing court that, in sentencing a defendant (particularly where the sentence exceeds the aggravated range of the guidelines), the court should at least mention that it had considered the applicable guidelines, and state its reasons for deviating from those guidelines. *See Griffin*, 804 A.2d at 8 (stating that "[w]e do caution the trial court … that it is preferable to articulate the applicable ranges, as well as the reasons for deviating from them."); *see also Scassera*, *supra* (stating that a "sentencing court must consider the sentencing guidelines, and the consideration must be more than mere fluff.") (emphasis omitted).