J-S04021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VINCENT ANTONELLO CLARK | : | |
| | : | |
| Appellant | : | No. 343 MDA 2018 |

Appeal from the Judgment of Sentence January 4, 2018
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s):  CP-66-CR-0000490-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VINCENT ANTONELLO CLARK | : | |
| | : | |
| Appellant | : | No. 344 MDA 2018 |

Appeal from the Judgment of Sentence January 4, 2018
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s):  CP-66-CR-0000491-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VINCENT ANTONELLO CLARK | : | |
| | : | |
| Appellant | : | No. 345 MDA 2018 |

Appeal from the Judgment of Sentence January 4, 2018
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s):  CP-66-CR-0000492-2009

J-S04021-19

BEFORE: SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                          **FILED JUNE 10, 2019**

Vincent Antonello Clark appeals from the judgment of sentence imposed January 4, 2018, in the Wyoming County Court of Common Pleas. In these consolidated cases, the trial court resentenced Clark to an aggregate term of 600 to 1200 months' imprisonment, after Clark was granted post-conviction collateral relief from his original sentence based upon the imposition of, now illegal, mandatory minimum terms. On appeal, Clark argues the trial court relied on impermissible factors during the resentencing hearing, failed to order an updated presentence investigation report, declined to consider Clark's progress while incarcerated, and imposed a manifestly excessive sentence. For the reasons below, we are constrained, once again, to vacate the judgment of sentence and remand for resentencing.

The facts underlying Clark's convictions are well-known to the parties and need not be detailed herein. In summary, at Docket No. 2009-CR-491, Clark was charged with three counts each of rape of a child, involuntary deviate sexual intercourse ("IDSI"), aggravated indecent assault, statutory sexual assault, indecent assault, corruption of minors, and incest,[1] for the repeated sexual assault of his three minor children P.C., W.C., and S.C. - all of whom were under the age of eight when the abuse occurred. Clark was

_____

* Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 3121(c), 3123(b), 3125(b), 3122.1, 3126(a)(7), 6301(a)(1), and 4302, respectively.

- 2 -

also charged at Docket Nos. 2009-CR-490 and 2009-CR-492, with rape of a child and related offenses for the sexual abuse of his minor nieces, M.B. and S.N., both of whom were under the age of 11 at the time of the assaults. In each case, the minor victims alleged the abuse began in January of 2006, and continued until January of 2009.[2]

The three dockets were consolidated for a jury trial, commencing on December 12, 2011. On December 16, 2011, the jury found Clark guilty of all counts. Thereafter, on April 3, 2012, the trial court determined Clark met the criteria for classification as a sexually violent predator ("SVP") under Megan's Law, the predecessor to Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA"),[3] and imposed an aggregate sentence of 600 to 1200 months' imprisonment. Specifically, the trial court sentenced Clark to mandatory minimum terms of 120 to 240 months' imprisonment on each

_____

[2] The trial court explained Clark "was a truck driver that often took his children with him on his overnight runs, where many sexual assaults occurred." Trial Court Opinion, 4/6/2018, at 2.

[3] **See** 42 Pa.C.S. §§ 9799.10-9799.41, amended and replaced by 2018, Feb. 21, P.L. 27, No. 10, § 19, immediately effective. Reenacted 2018, June 12, P.L. 140, No. 29, § 14, immediately effective. 42 Pa.C.S. §§ 9799.51-9799.75 ("SORNA II").

As noted above, Clark was sentenced under SORNA's predecessor, commonly known as Megan's Law III, 42 Pa.C.S. §§ 9791-9799.9 (expired), which was in effect when the crimes at issue occurred. On December 20, 2012, SORNA replaced Megan's Law III. **See Commonwealth v. Muniz**, 164 A.3d 1189, 1196-1198 (Pa. 2017) (history of Pennsylvania's sex offender laws prior to SORNA).

of the five counts of rape of a child (one for each victim) pursuant to 42 Pa.C.S. § 9718, and ordered those sentences to run consecutively. The court imposed concurrent sentences on the remaining convictions. This Court affirmed Clark's judgment of sentence on direct appeal, and the Pennsylvania Supreme Court subsequently denied his petition for review. *See Commonwealth v. Clark*, 107 A.3d 218 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 109 A.3d 678 (Pa. 2015).

On July 7, 2015, Clark filed a timely, *pro se* petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Counsel was appointed and filed an amended petition on March 7, 2016, asserting, *inter alia*, the mandatory minimum sentences imposed on Clark's convictions were illegal based upon *Alleyne v. United States*, 113 S.Ct. 2151 (U.S. 2013), and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). A PCRA hearing was conducted on April 27, 2016, at which time, the Commonwealth requested the PCRA court stay its ruling pending the Pennsylvania Supreme Court's decision in *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016), which ultimately found Section 9718 to be unconstitutional. Clark filed a second amended PCRA petition on March 10, 2017, citing the Supreme Court's decision in *Wolfe*. On August 28, 2017, the PCRA court granted Clark's petition in part, and remanded for a new

sentencing hearing. The court denied relief as to Clark's remaining ineffectiveness claims.[4]

On January 4, 2018, the trial court resentenced Clark to an aggregate term of 600 to 1200 months' imprisonment. Once again, the court imposed five consecutive terms of 120 to 240 months' imprisonment for each count of rape of a child, sentences that fell within the standard range of the guidelines. At the hearing, the court provided the following reasons for the sentence: "the serious nature of the offense, the defendant violated the sacred trust of an adult and child[,] and this sentence is within the standard range guidelines." N.T., 2/23/2018, at 15. The trial court imposed concurrent terms of imprisonment on each of Clark's five convictions of IDSI (120 to 20 months), and aggravated indecent assault (66 to 240 months). Clark filed a timely

---

[4] Clark also appealed the denial of PCRA relief with respect to his ineffectiveness claims. That appeal is docketed before this Court at No. 1465 MDA 2017.

post-sentence motion seeking reconsideration of his sentence, which the court denied on January 30, 2018. This timely appeal followed.[5, 6]

Clark's sole issue on appeal is a challenge to the discretionary aspects of his sentence. Such a claim is not appealable as of right, but "must be considered a petition for permission to appeal." **Commonwealth v. Best**, 120 A.3d 329, 348 (Pa. Super. 2015) (quotation omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved [the] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

_____

[5] On February 16, 2018, the trial court ordered Clark to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Although Clark's counsel complied with the court's directive, he filed a concise statement on March 12, 2018, three days late. Nevertheless, this Court has held that "where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits." **Commonwealth v. Brown**, 145 A.3d 184, 186 (Pa. Super. 2016), *appeal denied*, 165 A.3d 892 (Pa. 2017). **See also Commonwealth v. Boniella**, 158 A.3d 162, 164 (Pa. Super. 2017) (explaining the decision in **Brown** applies to "counseled defendants … because counsel can be considered to be ineffective *per se* for failing to file a timely Rule 1925(b) statement."). Accordingly, because the trial court in the present case filed an opinion addressing the issue raised on appeal, we decline to find waiver here.

[6] We note Clark properly filed three separate notices of appeal in this case, one at each docket number. **See Commonwealth v. Walker**, 185 A.3d 969, 971, 977 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case[,]" and "[t]he failure to do so requires the appellate court to quash the appeal.").

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Clark complied with the procedural requirements for this appeal by filing a timely post-sentence motion for modification of sentence, and subsequent notice of appeal, and by including in his appellate brief a statement of reasons relied upon for appeal pursuant to *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). Therefore, we must determine whether he has raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). Here, Clark contends the trial court abused its discretion and imposed a "manifestly excessive" sentence, when it failed to consider his background and rehabilitative needs, but rather, focused solely on the egregiousness of his crimes. Clark's Brief at 17. An allegation that the trial court failed to consider the "relevant sentencing criteria" set forth in Section 9721(b) raises a substantial question for our review. *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012), *appeal denied*, 63 A.3d 776 (Pa. 2013). Similarly, "a claim the trial court focused solely on the nature of the offense … presents a substantial question." *Commonwealth v. Clarke*, 70

A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014).

Accordingly, we find Clark has raised a substantial question for our review.

Preliminarily, we emphasize "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Bullock***, 170 A.3d 1109, 1123 (Pa. Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018). When considering a challenge to the discretionary aspects of a sentence, we must bear in mind the following:

> "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id.*** Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). ***See also Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa. Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. ***See Commonwealth v. Cruz-Centeno***, 447 Pa.Super. 98, 668 A.2d 536 (1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010).

Furthermore, this Court should vacate a sentence imposed within the standard

guidelines range only if we find "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2).

Here, Clark first insists the trial court did not consider his characteristics and rehabilitative needs at his resentencing hearing. *See* Clark's Brief at 20-21. He explains that there was no "reference to the PSI, other than to acknowledge that the PSI had not been updated." *Id.* at 20. Further, he maintains his "past history and conduct while incarcerated, aside from the present convictions, demonstrates that he can abide by rules." *Id.* at 21.

First, to the extent Clark implies the trial court abused its discretion in not ordering a revised PSI, we disagree. A PSI was prepared prior to Clark's original sentencing hearing, and the trial court explicitly stated that it had reviewed the document prior to that hearing. *See* N.T., 9/28/2012, at 7. The same judge resentenced Clark on February 23, 2018. The court noted the PSI had not been updated, but stated it would "take judicial notice of argument and testimony at the time of [the original] sentencing[.]" N.T., 2/23/2018, at 5. There is no indication Clark asked for an updated PSI, and the court permitted Clark to testify regarding his progress in prison since the time of the original sentencing hearing. *See id.* at 8-13.

However, our review of the record reveals Clark correctly asserts the trial court did not consider his rehabilitative needs, and specifically his progress while incarcerated, before imposing sentence. Although, as noted

above, Clark testified regarding his accomplishments during his time in prison, the trial court made it clear in its opinion that it did not consider that information before imposing sentence. The court opined:

> At the time of resentencing [Clark] testified to what he has accomplished during incarceration. Defen[se] Counsel believes these are mitigating factors which this Court should have taken into consideration. However, resentencing is not an opportunity for this Court to look at mitigating factors that were not before this Court at the time of original sentencing. [Clark's] sentencing was based on the extreme nature of the crimes and the number of children family member victims and not the treatment nor progress [Clark] may have completed while incarcerated.
>
> Due to the heinous crimes of [Clark] raping and sexually assaulting minor children over a continuous period of time makes the resentence appropriate. The progress [Clark] makes while incarcerated is for the parole board to take into consideration at the time of [Clark's] parole, it is not for this Court to take into consideration at the time of resentencing.

Trial Court Opinion, 4/6/2018, at 12.

In **Commonwealth v. Losch**, 535 A.2d 115 (Pa. Super. 1987), a panel of this Court held a trial court's "intentional failure" to consider evidence at resentencing of a defendant's good behavior while in prison was reversible error. **Id.** at 121. The panel explained:

> Reimposing a judgment of sentence should not be a mechanical exercise. What is at stake in a sentencing decision is nothing less than the liberty of the individual and the safety of the public. If the trial judge ignores the defendant's conduct during the months preceding the final sentencing hearing, he may reach an inaccurate determination as to whether the defendant is a danger to society or is capable of being a productive and law-abiding citizen.

**Id.** at 122. Indeed, the panel stated evidence of the defendant's good conduct "may reflect his potential for rehabilitation." **Id.** Accordingly, the panel

- 10 -

concluded a resentencing judge "may not refuse to consider any relevant defense evidence concerning [the defendant's] conduct since the prior sentencing hearing." ***Id.*** at 123. Consequently, the panel vacated the judgment of sentence, and remanded for another sentencing hearing. ***See id.*** However, the panel cautioned:

> [O]ur decision is limited in scope. We hold that the trial judge must consider evidence of appellant's good conduct in prison. Yet, the trial judge is also free to consider a broad range of other information. He may review all of the testimony and exhibits introduced at both of appellant's prior sentencing hearings. He may also allow the prosecution to introduce evidence relating to appellant's bad conduct, if any, since the time that judgment of sentence was last imposed. Appellant's favorable adjustment to life in the penitentiary is only one of several variables upon which the trial judge should focus; there is no right to have this one factor take precedence over all others. In the end, the trial court may conclude that appellant's new evidence pales in significance when compared with the other aspects of his case including the gravity of his offenses.

***Id.*** (internal citation omitted).

Here, the trial court explicitly stated in its opinion that it did not (and could not) consider evidence of Clark's favorable progress while in prison as a mitigating factor at his resentencing hearing. ***See*** Trial Court Opinion, 4/6/2018, at 12. This was reversible error pursuant to ***Losch***. Therefore, because we agree the trial court abused its discretion in refusing to consider Clark's progress in prison since his last sentencing hearing, we are constrained to vacate the judgment of sentence and remand for resentencing. At the resentencing hearing, the trial court should consider any mitigating evidence Clark presents, with a particular focus on the sentencing factors set forth in

42 Pa.C.S. § 9721(b).[7]  ***See id.*** (when imposing sentence, court should consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant").

We are also compelled to address another issue *sua sponte*.  As noted above, Clark was designated as an SVP at the time of his original sentencing. Although he has not challenged this designation on appeal, we may consider claims affecting the legality of a sentence *sua sponte*.  ***See Commonwealth v. Butler***, 173 A.3d 1212, 1214 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018).

In ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), the Pennsylvania Supreme Court held SORNA's registration provisions constitute punishment, and, therefore, the retroactive application of those provisions violates the *ex post facto* clauses of the federal and Pennsylvania constitutions.  Thereafter, in October of 2017, a panel of this Court, in ***Butler***, ***supra***, relying upon ***Muniz***, ***supra***, concluded SORNA's statutory mechanism for designating a defendant as an SVP, as set forth in 42 Pa.C.S. § 9799.24(e)(3), was "constitutionally flawed" because it permits a trial court to make the determination based upon clear and convincing evidence.  ***Id.*** at

---

[7] Because of our disposition, we need not consider Clark's second basis for challenging the discretionary aspects of his sentence.

1218. Accordingly, the **Butler** Court held "trial courts may no longer designate convicted defendants as SVPs, nor may they hold SVP hearings, until our General Assembly enacts a constitutional designation mechanism."[8] *Id.* In line with its holding, the panel vacated the order designating the defendant as an SVP, and remanded the case to the trial court to determine his proper registration period pursuant to 42 Pa.C.S. §§ 9799.14 and 9799.15. *See id.*

Recently, in **Commonwealth v. Lippincott**, ___ A.3d ___, 2019 PA Super 118 (Apr. 15, 2019) (*en banc*), an *en banc* panel of this Court vacated a defendant's SVP status because the trial court made the designation "without making the required factual findings beyond a reasonable doubt." *Id.* at *9. Like Clark, the defendant in **Lippincott** committed his sexual crimes prior to the enactment of SORNA. *See id.* at *6. Therefore, we are constrained to vacate Clark's SVP designation as well. Upon resentencing, we

---

[8] As noted above, the Pennsylvania Supreme Court granted allowance of appeal in **Butler** on the following claim:

> Whether the Superior Court of Pennsylvania erred in vacating the trial court's Order finding [Respondent] to be [a Sexually Violent Predator ("SVP")] by extrapolating the decision in [**Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017),] to declare SVP hearings and designations unconstitutional under 42 Pa.C.S. § 9799.24(e)(3).

**Commonwealth v. Butler**, 190 A.3d 581, 582 (Pa. 2018). At this time, however, the **Butler** decision is controlling.

direct the trial court to determine the appropriate registration and reporting requirements for Clark.

Judgment of sentence and SVP designation vacated. Case remanded for resentencing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/10/2019